ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HACIENDA ILUSIÓN LLC<br><br>Recurrida<br><br>v.<br><br>RAMÓN GONZÁLEZ SIMOUNET<br><br>Peticionario | **TA2025CE00506** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2022CV06909<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 9 de octubre de 2025.

Comparece ante este foro el Sr. Ramón González Simounet (señor González o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 24 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la *Moción de Relevo de Sentencia* presentada por el peticionario.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

### I.

El 3 de agosto de 2022, Hacienda Ilusión LLC (Hacienda Ilusión o "parte recurrida") presentó una *Demanda* sobre cobro de dinero al amparo del procedimiento sumario dispuesto en la Regla 60 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra del señor González.[1] En esencia, alegó que el 26

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

de marzo de 2022, las partes suscribieron un contrato de arrendamiento sobre un apartamento en el Municipio de San Juan, con un canon de arrendamiento de $7,500.00 mensuales. Mencionó que, dicho apartamento iba a ser ocupado por el Sr. Manuel Molina Merle (señor Molina). Sin embargo, llegado el día de la entrega del apartamento, este lo encontró en un estado de precariedad, no estando apto para habilitarse. Por ello, solicitó el reembolso del pago realizado, como antesala a la recisión del contrato. No obstante, arguyó que el peticionario le indicó que iba a retener el dinero hasta que consiguiera un nuevo arrendador. Finalmente, sostuvo que luego de múltiples gestiones para remediar la situación y no obtener respuesta satisfactoria, presentó la *Demanda* de epígrafe.

El 15 de febrero de 2023, el señor González presentó su *Contestación a Demanda y Reconvención*.[2] En esta, negó la mayoría de las alegaciones en su contra y se limitó a expresar que los arreglos que le estaban realizando a la propiedad eran mínimos y que se corrigieron oportunamente. De igual forma, aceptó que existió una comunicación solicitando la rescisión del contrato.

En cuanto a la *Reconvención*, sostuvo que la parte recurrida se comprometió a pagar la suma de $90,000.00 en cánones de arrendamiento bajo los términos del contrato. Afirmó que el contrato se mantuvo vigente por el término de un año y que nunca fue rescindido conforme a derecho. Añadió, que Hacienda Ilusión únicamente pagó dos (2) meses de renta y dejó de pagar la suma de $75,000.00 más $1,000.00 por pago tardío. Por esta

---

[2] *Contestación a Demanda y Reconvención*, entrada núm. 18 en SUMAC.

razón, planteó que le adeudaban la suma de $90,000.00, más costas, gastos y honorarios de abogado.

Luego de varias incidencias procesales, el 7 de febrero de 2025, el foro primario notificó una *Sentencia Enmendada*.[3] En esta, procedió a enmendar la sección dispositiva de la *Sentencia* emitida el 10 de septiembre de 2024, para atender un defecto señalado por este Foro. Por ello, dispuso de la totalidad de las reclamaciones al declarar *Ha Lugar* la solicitud de sentencia sumaria presentada por Hacienda Ilusión, *No Ha Lugar* a la solicitud de sentencia sumaria presentada por el señor González y declaró *Con Lugar* la *Demanda* instada por la parte recurrida y *Sin Lugar* la *Reconvención* instada por el peticionario. A su vez, el foro *a quo* consignó las siguientes determinaciones de hechos:

1. El 26 de marzo de 2022, las partes suscribieron un contrato de arrendamiento sobre la unidad 2301 del Condominio Gallery Plaza en el área de Condado, en San Juan. El canon de arrendamiento pactado fue por la cantidad de siete mil quinientos dólares mensuales ($7,500.00/mo).

2. El contrato fue posteriormente enmendado a los únicos fines de cambiar la fecha de entrega del 7 de abril de 2022, al día 15 de abril de 2022 con una vigencia de 1 año.

3. Hacienda Ilusión, LLC, la demandante en este caso, existe y está registrada en el Departamento de Estado.

4. Molina Merle firmó un contrato de arrendamiento en calidad de arrendador con Hacienda Ilusión, LLC, en calidad de inquilino.

5. El apartamento se escogió para ser habilitado por el Sr. Molina Merle.

6. Con anterioridad a la fecha de vigencia del contrato, el Sr. Molina Merle y/o la corredora de bienes raíces, inspeccionó y visitó el apartamento antes de firmar el contrato de arrendamiento.

7. Llegado el día de entrega, el Sr. Molina Merle acudió a la propiedad y se topó con el escenario de un apartamento en cuestionables

---

[3] *Sentencia Enmendada*, entrada núm. 99 en SUMAC.

condiciones de entrega, con obras y múltiples arreglos aún pendientes de ejecutar.

8. Del escenario con el que se topó el demandante se pudieron identificar diecinueve (19) situaciones concernientes al estado de la propiedad, algunas son: el estado de mantenimiento, falta de pintura, averías pluviales, laminados sueltos, tablilleros caídos, gabinetes rotos, ropa y pertenencias de los pasados ocupantes.

9. Ese mismo día en horas de la tarde las corredoras de las partes intercambiaron comunicaciones y realizaron gestiones para tratar de remediar esta situación, donde inclusive ambas intentaron limpiar y pintar la unidad de modo que se viera en condiciones decentes para su ocupación.

10. La semana siguiente a la fecha en que se acordó comenzar el arrendamiento, específicamente el lunes 18 de abril de 2022, el demandado utilizó a su corredora para responderle al demandante, indicando que estaba consciente de que había asuntos por arreglar y obras por ejecutar, pero que este gozaba de un plazo para realizar mejoras y arreglos.

11. El demandante no estuvo conforme con la respuesta, lo que dio paso a que el demandante le hiciera un requerimiento formal de reembolso del pago que realizó para separar y garantizar la unidad, como antesala a la rescisión del contrato en disputa.

12. El contrato de arrendamiento suscrito por las partes no disponía de ninguna cláusula penal por terminación temprana.

Finalmente, conforme a las determinaciones de hecho, el derecho aplicable y la prueba documental presentada, resolvió que las obligaciones que surgen de un contrato de arrendamiento son bilaterales, por lo que, el señor González no podía exigir el cumplimiento de una obligación sin que él hubiese cumplido con la suya. Determinó que al no existir una cláusula que prohibiera la rescisión del contrato, la parte recurrida tenía la potestad de requerir la devolución del depósito de $15,000.00 entregados. Por ello, no procedía el cobro de cánones de arrendamiento futuros, puesto que, nunca comenzó a transcurrir el contrato otorgado por las partes.

Inconforme con la determinación, el 21 de febrero de 2025, el señor González acudió ante este foro mediante un recurso de *Apelación* el cual fue asignando el alfanumérico KLAN202500145. Evaluado el recurso, el 11 de abril de 2025, emitimos una *Sentencia* en la cual confirmamos el dictamen apelado.

Posteriormente, el 23 de septiembre de 2025, Hacienda Ilusión presentó una *Solicitud de Ejecución de Sentencia*.[4] Sostuvo que, el señor González no había pagado ni abonado al importe total de la sentencia dictada. Así pues, solicitó que se ordenara la ejecución de dicha sentencia.

Considerada la moción, el foro primario expidió la *Orden* y *Mandamiento de Ejecución de Sentencia* por la cantidad de $18,192.84.[5]

En la misma fecha, el señor González presentó una *Moción de Relevo de Sentencia*.[6] En síntesis, alegó que la *Sentencia* no ordenó a pagar suma alguna, por lo que, la ausencia de un remedio la convirtió nula.

El 24 de septiembre de 2025, el foro primario notificó la *Orden* recurrida, en la cual declaró *No Ha Lugar* la *Moción de Relevo de Sentencia*.[7] Asimismo, hizo referencia a la *Sentencia* y *Mandato* del Tribunal de Apelaciones.

Aun inconforme, el 25 de septiembre de 2025, el señor González presentó la *Petición de Certiorari* que nos ocupa, mediante la cual planteó que el foro primario cometió el siguiente señalamiento de error:

> ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE RELEVO DE SENTENCIA, PUESTO QUE LA SENTENCIA DICTADA CONSTITUYE UNA RESOLUCIÓN INTERLOCUTORIA AL NO

---

[4] *Solicitud de Ejecución de Sentencia*, entrada núm. 105 en SUMAC.
[5] *Orden*, entrada núm. 106-107 en SUMAC.
[6] *Moción de Relevo de Sentencia*, entrada núm. 108 en SUMAC.
[7] *Orden*, entrada núm. 110 en SUMAC.

CONCEDER UN REMEDIO ESPECÍFICO COMO LO REQUIEREN LAS REGLAS DE PROCEDIMIENTO CIVIL.

El 30 de septiembre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de 10 días, contados a partir de la fecha de presentación del recurso, para que se expresara.

Transcurrido el término sin que Hacienda Ilusión se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**-A-**

En lo sustantivo, el *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, es la disposición que delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional. Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional.

No obstante, y a pesar de que la Regla 52.1, *supra*, no lo contempla, el *certiorari* también es el recurso apropiado para solicitar la revisión de resoluciones y órdenes post sentencia. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). Nuestro Tribunal Supremo ha expresado que, en estos supuestos, la Regla 40 de nuestro Reglamento, *supra*, adquiere mayor relevancia pues, de ordinario, "no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada." *Íd.*

Al determinar la procedencia de la expedición de un auto de certiorari, este Tribunal deberá considerar, de conformidad con la Regla 40 del Reglamento de este Tribunal, *supra*, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

-B-

La Regla 49.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V. R. 49.2, provee un mecanismo para que el Tribunal releve a una parte de los efectos de una sentencia u orden, si está presente alguna de las

circunstancias que dicha disposición contempla. Según la precitada Regla, las referidas circunstancias son las siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio, de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor,

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Respecto al término para interponer una moción de relevo de sentencia, la citada regla establece que esta "se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento."

Sobre el término para presentar la moción de relevo de sentencia, nuestro más Alto Foro ha resuelto que, como norma general, es de carácter fatal, a menos que se plantee que procede el relevo, debido a que la sentencia es nula. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). En tales casos, si queda demostrada la nulidad de la sentencia, "resulta mandatorio declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses

establecido." *García Colón et al. v. Sucn. González,* 178 DPR 527, 544 (2010).

III.

Debido a que la *Orden* recurrida constituye una determinación post sentencia, el vehículo procesal adecuado para su revisión es el auto discrecional de *certiorari.*

En el caso de autos, el señor González alega que incidió el foro primario al denegar su moción de relevo de sentencia, dado que, la *Sentencia* es nula por no conceder ningún remedio, ni ordenar el pago de suma alguna. Sostiene que, para que la *Sentencia* de cobro de dinero fuera ejecutable tiene que especificar la suma adeudada.

En consideración a lo anterior, bajo el ejercicio de la discreción que como foro revisor nos otorga la Regla 40 de nuestro Reglamento, *supra*, y al amparo de los criterios que surgen de la referida disposición, resolvemos abstenernos de intervenir para variar el dictamen aquí recurrido. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad o error por parte del foro primario. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia.

IV.

Por los fundamentos anteriormente expuestos, **DENEGAMOS** el recurso discrecional de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones